UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESHAWN SIMS,

      Petitioner,

                                                                Civil No. 04-70474
                                                                Crim. No. 99-80102
                                                                 Hon. John Feikens

      v.

UNITED STATES OF AMERICA,

      Respondent.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION,
DENYING PETITIONER'S MOTION TO ADD BOOKER CLAIM**

On November 17, 2005, this Court referred an evidentiary issue in this case to Magistrate Judge Pepe for a Report and Recommendation, which was issued on January 18, 2006. The evidentiary issue is summarized in the parties' briefs, the Order of Reference, and the Report and Recommendation, so I will not restate it here. In his report, Magistrate Judge Pepe recommends allowing Petitioner to continue the cross-examination of Marvin Barnett regarding alleged statements made to Mark Mitchell, Doris Sims, and Ilinda Coleman, and if Barnett denies or cannot recall making those statements, that Petitioner be allowed to call and examine Mitchell, Sims, and Coleman as to those statements. (R&R at 20.) Magistrate Judge Pepe also recommends that no questions be asked of Barnett regarding Lakita Miller nor any testimony be taken from her. Id. The Government filed objections to the Report and Recommendation, and

Petitioner did not file a response brief. Because I agree with Magistrate Judge Pepe's recommendation, I ADOPT the Report and Recommendation in its entirety. The Government's objections will be addressed as follows.

Additionally, Petitioner filed a motion to add a Booker claim to his § 2255 petition, which is DENIED for the reasons stated herein.

**I.     Objections to the Report and Recommendation**

The Government's objections to the Report and Recommendation are as follows; Petitioner did not file a brief in response to the Government's objections. First, the Government argues that Magistrate Judge Pepe's Report and Recommendation fails to consider the narrow scope of a § 2255 evidentiary hearing, relying on United States v. Todaro, 982 F.2d 1025 (6th Cir. 1993). (Gov't's Objections at 4-9.) In that case, the Sixth Circuit noted that a § 2255 hearing "must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made." Todaro, 982 F.2d at 1030. The Government contends that the record in this case is replete with evidence sufficient to allow this Court to make a determination of Petitioner's ineffective assistance claims, and thus consideration of the third-party testimony recommended by Magistrate Judge Pepe is unnecessary. (Gov't's Objections at 7-9.) Specifically, the Government cites the Acknowledgment of Indictment signed by Petitioner as evidence that Petitioner understood the statutory sentencing range he faced for each count. Id. at 7.

Todaro can be distinguished from the case at hand. At issue in Todaro was the petitioner's § 2255 motion to withdraw his guilty plea based on alleged promises of probation

made by his attorney and his co-defendant's attorney. 982 F.2d at 1028. In upholding the district court's decision to deny the motion, the Sixth Circuit held that no evidentiary hearing was required given the thoroughness of the record and the fact that the district court conducted a hearing immediately after the petitioner challenged his guilty plea. Id. at 1029-30. The court noted that the only evidence extrinsic to the record before the district court was the affidavit of a third-party who claimed she heard statements by the attorneys that the petitioner would get probation. Id. at 1027, 1030. This affidavit alone was not enough to justify an evidentiary hearing in light of the thorough record. Id. at 1030.

The Government argues that Todaro supports the exclusion of the third-party testimony recommended by Magistrate Judge Pepe in the case at hand. (Gov't's Objections at 5-6.) But the question in Todaro was whether the third-party affidavit, coupled with an exhaustive record, necessitated an evidentiary hearing. 982 F.2d at 1030. In the present case, this Court has already determined that an evidentiary hearing is needed based on Moss v. United States, 323 F.3d 445, 470 (6th Cir. 2003). Opinion and Order, Nov. 4, 2004, Docket #152. Todaro does not answer the question referred to Magistrate Judge Pepe, namely, whether the third-party testimony is relevant.

Second, the Government argues that the third-party testimony is unnecessary because Petitioner cannot prove he was prejudiced by Barnett's performance as his trial attorney. (Gov't's Objections at 9-11.) To establish ineffective assistance of counsel, a petitioner must satisfy two elements: (1) inadequate performance by counsel; and (2) actual prejudice caused by counsel's inadequate performance. Strickland v. Washington, 466 U.S. 668, 688 (1984). To establish prejudice, a petitioner must show "a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." Id. at 694. A "reasonable probability" is one that is "sufficient to undermine confidence in the outcome." Id. The prejudice requirement is further tailored to suit the context of the guilty plea process. Where a petitioner argues that counsel's ineffective assistance caused him to forego a plea agreement and instead go to trial, prejudice is established if the petitioner can show a reasonable probability that he would have pleaded guilty. Griffin v. United States, 330 F.3d 733, 736-37 (6th Cir. 2003).

Petitioner received a sentence of 262 months based on a sentencing range of 210 - 262 months. (Amended Judgment, Nov. 17, 2000, Docket #130.) Under the terms of the proposed Rule 11 plea agreement, the Government agreed to recommend a sentence of 210 months, but the parties agreed to a possible range of 210 - 262 months. (Gov't's Ex. E.) The Government argues that Petitioner cannot show prejudice because even if he had pleaded guilty, this Court could have given him the same 262-month sentence. (Gov't's Objections at 10-11.)

However, the fact that this Court could have imposed the same sentence does not preclude a finding of prejudice. In order to show prejudice, Petitioner is not required to demonstrate a "reasonable probability" that this Court would have sentenced him more leniently in accordance with the Government's 210-month recommendation. For claims of ineffective assistance of counsel in the context of a petitioner's decision to go to trial, a petitioner need only demonstrate a reasonable probability that he would have pleaded guilty.[1] Griffin, 330 F.3d at 736-37; Moss v. United States, 323 F.3d 445, 474 (6th Cir. 2003); Magana v. Hofbauer, 263

---

[1] However, some cases have said that the Government must have offered a plea or at least have been willing to explore plea negotiations. Goldsby v. United States, 152 Fed. Appx. 431, 437 (6th Cir. 2005) (citing Moss v. United States, 323 F.3d 445, 467 (6th Cir. 2003)).

F.3d 542, 547 (6th Cir. 2001).  These cases do not establish the additional requirement that a petitioner show a reasonable probability that the trial court would have accepted his guilty plea or decided to impose a lesser sentence recommended by the prosecution.

The Sixth Circuit expressly rejected this line of argument in Turner v. Tennessee, 858 F.2d 1201, 1207 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 901 (1989), *reinstated on other grounds*, 940 F.2d 1000 (6th Cir. 1991).  See also Dabelko v. United States, 2000 U.S. App. LEXIS 9633, *6 (6th Cir. May 3, 2000) (§ 2255 case quoting Turner).  In Turner, the state argued that the petitioner failed to satisfy Strickland's prejudice requirement because he did not establish that the state trial court would have approved a two-year plea arrangement.  858 F.2d at 1207.  The Sixth Circuit held that the petitioner was not required to show a reasonable probability that the trial court would have approved the plea deal, stating that it is "unfair and unwise to require litigants to speculate as to how a particular judge would have acted under particular circumstances."  Id.  The court noted that if the state wants to argue that the trial court would have rejected the plea arrangement, the state bears the burden of persuasion on that issue and must offer clear and convincing evidence in support.  Id.  Similarly in the case at hand, Petitioner cannot be expected to show that it is reasonably probable that this Court would have followed the Government's recommendation of a 210-month sentence.

Finally, the Government argues that Magistrate Judge Pepe erred in finding that one of the material facts at issue is whether Barnett actually received the proposed Rule 11 plea agreement faxed to his office by the Government.  (Gov't's Objections at 14-18.)  That proposed agreement was admitted as Exhibit E at the August 18, 2005 evidentiary hearing in this case.  (Tr. at 22-24.)  At that hearing, Barnett testified that although he recalled having received a

proposed Rule 11 agreement, he did not recall having received Exhibit E specifically. (Tr. at 22-25, 35.) Clearly whether Barnett received Exhibit E is a fact material to Petitioner's claim that Barnett failed to discuss a proposed Rule 11 agreement with him. Because Barnett could not confirm that he received Exhibit E, that fact is at issue.

## II.     Motion to Add Booker Claim

Petitioner moves to add a Booker claim to his § 2255 petition, and the parties submitted briefs on this issue. The Sixth Circuit held that Booker does not apply retroactively to § 2255 motions to vacate, set aside, or amend a sentence. Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005). Because Petitioner has failed to distinguish Humphress, Petitioner's motion to add a Booker claim is DENIED. Petitioner's arguments are addressed as follows.

First, Petitioner attempts to circumvent Humphress by recharacterizing his Booker claim as an Apprendi claim. The Supreme Court held in Apprendi that a jury must decide any fact that increases a criminal penalty beyond the statutory maximum. Apprendi v. New Jersey, 530 U.S. 406 (2000). On direct review of Petitioner's case, the Sixth Circuit found no Apprendi error because Petitioner's sentence did not exceed the statutory maximum for offenses involving an unspecified amount of cocaine. United States v. Sims, 46 Fed. Appx. 807, 815-16 (2002). "Absent exceptional circumstances, or an intervening change in the case law," a § 2255 petition may not be used to relitigate issues decided on direct review. Wright v. United States, 182 F.3d 458, 467 (6th Cir. 1999). I see no exceptional circumstances that justify a reexamination of Petitioner's Apprendi claim, nor any relevant intervening change in the case law.

Second, Petitioner argues that the "critical fact" distinguishing this case from Humphress is that Petitioner raised an Apprendi claim on direct review, whereas the Humphress petitioner

6

did not.  It seems Petitioner is trying to argue that he somehow preserved his <u>Booker</u> claim by raising <u>Apprendi</u> on direct review because <u>Booker</u> is based in part on <u>Apprendi</u>'s reasoning.  However, in <u>United States v. Saikaly</u>, the fact that <u>Apprendi</u> was raised on direct review did not prevent the Sixth Circuit from applying <u>Humphress</u> to disallow the petitioner's <u>Booker</u> claim on collateral review.  424 F.3d 514 (6th Cir. 2005).  Therefore, the fact that Petitioner raised <u>Apprendi</u> on appeal is not a relevant distinction between the case at hand and <u>Humphress</u>.

Finally, Petitioner argues that <u>Humphress</u> was incorrectly decided.  Petitioner asserts that the Sixth Circuit erred in applying the three-step test of <u>Teague v. Lane</u>, 489 U.S. 288 (1989), to a § 2255 petition.  Petitioner also contends that <u>Teague</u> is inapplicable because <u>Booker</u> is not a procedural rule.  Because <u>Humphress</u> is binding precedent in this circuit, this argument for change in the law is without merit.

### III.    CONCLUSION

Magistrate Judge Pepe's Report and Recommendation is ADOPTED in its entirety.  Petitioner's motion to add a <u>Booker</u> claim to his § 2255 petition is DENIED.

**IT IS SO ORDERED.**

Date:    February 28, 2006                              s/John Feikens
                                                        United States District Judge

> Proof of Service
>
> I hereby certify that the foregoing order was served on the attorneys/parties of record on February 28, 2006, by U.S. first class mail or electronic means.
>
>                               s/Carol Cohron
>                               Case Manager